UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADAM LONGORIA,

    Petitioner,

vs.               CASE NO. 8:10-cv-2924-T-27AEP
                CRIM. CASE NO. 8:09-cr-340-T-27AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's amended Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 4) and the Government's Response (CV Dkt. 7).[1] Upon consideration, Petitioner's amended motion to vacate is DENIED.

### Procedural Background

Petitioner was charged in an indictment with conspiring to possess with the intent to distribute and distributing 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count One), and knowingly and willfully distributing a quantity of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Counts Four and Six).[2] (CR Dkt. 1). On December 1, 2009, Petitioner pleaded guilty to all three counts pursuant to a written plea agreement. (CR Dkts. 74, 80). On April 12, 2010, Petitioner was sentenced to concurrent terms

---

[1] Although afforded the opportunity, Petitioner filed no reply.

[2] Only Petitioner's co-defendants were charged in Counts Two, Three, and Five of the indictment. (CR Dkt. 1).

of imprisonment of thirty-seven months on each of the three counts of conviction to be followed by five years of supervised release on Count One and concurrent terms of three years of supervised release on Counts Four and Six (CR Dkt. 154). Petitioner filed no direct appeal.

Petitioner filed his original Section 2255 motion on December 6, 2010. (CR Dkt. 226; CV Dkt. 4). The Respondent makes no challenge to the timeliness of either the original or amended motion. Petitioner raises two grounds for relief:

**Ground One:** The district court erred by not awarding Petitioner credit toward his sentence for the time he spent on pre-trial house arrest;[3] and

**Ground Two:** Ineffective assistance of trial counsel for misadvising Petitioner that he would receive credit for time served on pre-trial house arrest

### Discussion

### Ground One

Petitioner alleges that the trial court erred by "failing to reduce his sentence by the [amount of] time Petitioner spent on home detention restricted by a teletronic [sic] ankle bracelet and consequentially restricting his liberty and freedom." (CV Dkt. 5, p. 2). Petitioner claims that this failure to award jail credit should result in his resentencing. This claim is not cognizable in a Section 2255 motion.

Collateral relief under Section 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Richards v. United States*, 837 F.2d at 966. Petitioner's challenge to his sentence is a non-constitutional issue that provides no basis for collateral relief in the absence of a complete miscarriage of justice. *Lynn v. United States*, 365 F.3d 1225,

---

[3] The magistrate judge granted Petitioner's pre-trial motion for release on bond. (CR Dkts. 33, 44, 45).

1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998). *See also Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255.").

Even assuming, *arguendo*, that this claim were cognizable, Petitioner's appeal waiver bars review. Petitioner's written plea agreement includes an express waiver of his right to appeal or collaterally attack his sentence:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(CR Dkt. 74, p. 13).

An appeal waiver in a plea agreement is enforceable if the waiver is made knowingly and voluntarily. *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). An appeal waiver will be enforced if the Government demonstrates either: (1) that the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) that the record clearly shows that the defendant otherwise understood the full significance of the waiver. *United States v. Williams*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997). A

knowing and voluntary waiver precludes a defendant from collaterally attacking his conviction in a Section 2255 motion. *United States v. Williams*, 396 F.3d at 1342.

During his plea colloquy Petitioner specifically averred that he understood the consequences of the appeal waiver, including the provision barring a collateral attack:

> THE COURT: Now, Mr. Longoria, as you sit here, if you took your case to trial, and were eventually sentenced after the trial, you would have the right to file an appeal and complain about your sentence in other words. However, by the provisions of your plea agreement, specifically provision B-5 located on page 13 of your plea agreement, you have substantially limited, if not waived, your right to appeal.
>
> By this provision, you can only appeal in certain circumstances which include, one, that the ground that the sentence exceeds the applicable advisory guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; two, the ground that the sentence exceeds the statutory maximum penalty; three, the ground that the sentence violates the Eighth Amendment to the Constitution; or four, in the event that the United States exercises its right to appeal, you are free from this waiver and you may file an appeal as well.
>
> Mr. Longoria, do you understand by this provision of your plea agreement, you have, in essence, waived your right to appeal unless one of those events occur?
>
> LONGORIA: Yes, sir.
>
> THE COURT: Do you understand this provision of your plea agreement?
>
> LONGORIA: Yes, sir.
>
> THE COURT: Has anyone threatened you in any way in order to get you to waive your right to appeal?
>
> LONGORIA: No, sir.
>
> THE COURT: Has anyone promised you anything of value other than what's in the plea agreement in order to get you to waive your right to appeal?

LONGORIA: No, sir.

THE COURT: Let me ask you as a whole as to your plea agreement, has anyone threatened you or anyone you may know, either mentally threatened or physically threatened in order to induce you to enter a plea of guilt in this case?

LONGORIA: No, sir.

THE COURT: Has anyone promised you anything other than what's in your plea agreement in order to induce you to enter a plea of guilt?

LONGORIA: No, sir.

(CR Dkt. 228, pp. 25-26). Upon completion of the full colloquy, the magistrate judge found that Petitioner knowingly, intelligently, and voluntarily entered his plea (CR Dkt. 228, p. 45). Petitioner neither challenges the validity of his plea agreement or the waiver, nor argues that any of the exceptions specified in the waiver apply to permit collateral review of his claim. Consequently, ground one is barred from federal review in this Section 2255 motion.

**Ground Two**

Petitioner claims that his trial counsel rendered ineffective assistance by misadvising Petitioner that he would receive credit for time served on pre-trial house arrest. Petitioner argues that "counsel did not foresee the sentencing court's refusal to award . . . jail credit [for the time Petitioner spent on pre-trial house arrest and] . . ., the fact remains that counsel improperly and inaccurately advised Petitioner at a critical stage of the criminal proceeding regarding the advantages and/or disadvantages of posting pre-trial bail." (CV Dkt. 5, p. 5). Petitioner claims that absent this allegedly erroneous advice from counsel, he "would not have elected to post pre-trial bail but would have remained detained during the course of his pre-trial stages of the underlying proceedings." (CV Dkt. 5, p. 4).

5

As discussed in ground one, *supra*, a knowing and voluntary waiver precludes a defendant from collaterally attacking his conviction in a Section 2255 motion. *Williams v. United States*, 396 F.3d at 1342. The waiver is enforceable against a claim of ineffective assistance of counsel at sentencing because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342.

The appeal waiver in Petitioner's plea agreement bars his claim. Petitioner averred at the change of plea hearing that he understood the consequences of the appeal waiver and does not argue that any of the exceptions specified in the waiver apply to permit collateral review of ground two. Furthermore, Petitioner asserts no challenge to the validity of either the plea agreement or the appeal waiver. *See Patel v. United States*, 252 Fed. Appx. 970, 974 (11th Cir.2007) (an appeal waiver does not bar a § 2255 claim that either the defendant's plea or the appeal waiver itself is invalid due to ineffective assistance of counsel).[4]

### Evidentiary hearing

This case warrants no evidentiary hearing because "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003).

---

[4] Notwithstanding the waiver, Petitioner's claim warrants no relief. *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim and requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show a reasonable probability that, but for counsel's unprofessional errors, he would not have pleaded guilty and would have insisted on proceeding to trial. *Hill v. Lockhart*, 474 U.S. 59 (1985). Petitioner does not claim that absent counsel's alleged misadvice he would have foregone his plea and proceeded to trial. Consequently, he cannot establish prejudice under *Strickland* and his claim of ineffective assistance warrants no relief. *Strickland v. Washington*, 466 U.S. at 697.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 4) is DENIED. The clerk is directed to enter judgment against Petitioner and to close this case.

**DONE AND ORDERED** in chambers this 7th day of September, 2011.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record